## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2290 | **DATE** | 4/24/2008 |
| **CASE TITLE** | Carlos-El vs. People of the State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, this case is remanded to the Circuit Court of Cook County, Illinois. Plaintiff's motion to appoint counsel is denied [docket no. 4].

■[ For further details see text below.]                                                                                 Docketing to mail notices.
                                                                                                                          *Mail AO 450 form.

### STATEMENT

Walter Carlos-El has attempted to remove to federal court a criminal case pending against him in state court. According to Mr. Carlos-El's petition for removal, he has been indicted in state court for criminal trespass to a residence, theft of lost or mislaid property, and residential burglary. He contends that the state court lacks jurisdiction over him due to "his status as a Moorish American" but that the state court nonetheless exercised jurisdiction over him and, contrary to his wishes, appointed a public defender for him. The public defender sought a fitness examination, and the state judge ultimately found Mr. Carlos-El unfit to stand trial.

The case is not properly removable to federal court. A state court case may be removed to federal court only if the federal court would have had original jurisdiction over the case, *see* 28 U.S.C. § 1441(a) & (b), or in other situations that do not apply to Mr. Carlos-El's case. Although Mr. Carlos-El contends that the state court is acting beyond its authority and is violating his federal constitutional rights, that does not make the state court criminal case removable to federal court. The existence of a federal-law defense does not allow the removal to federal court of an otherwise non-removable case like this one. *See, e.g., Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007) (citing *Chicago v. Comcast Cable Holdings, LLC*, 384 F.3d 901 (7th Cir. 2004)).

For these reasons, the case is remanded to the Circuit Court of Cook County, Illinois.

Courtroom Deputy Initials: